UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HOLLON,

        Plaintiff,                                      No. 18-12906

v.                                                 District Judge David M. Lawson
                                                     Magistrate Judge R. Steven Whalen

BAYNETTO, DR. and
SHRLIE, M.D., WARDEN,

        Defendants.

                                          /

## REPORT AND RECOMMENDATION

On September 14, 2018, Plaintiff Michael Hollon, a prison inmate in the custody of the Federal Bureau of Prisons ("BOP") at the Milan, Michigan Federal Correction Facility, filed a *pro se* civil complaint under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Within his complaint is a motion for "temporary injunctive order," which has been docketed at Dkt. #2, and which I construe as a motion for temporary restraining order ["TRO"]. Because motions for injunctive relief are considered dispositive, I must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion for TRO [Dkt. #2] be DENIED.

##         I.    FACTS

Plaintiff states that he went into the custody of the BOP on January 11, 2018, after having been a prisoner in the Indiana Department of Corrections. While in Indiana, he had surgery on his left shoulder, and continues to suffer pain as a result. He states that the

various pain medications/anti-depressants that he has received at the BOP have no effect, and therefore contends that he has not received adequate or reasonable care.

## II.   STANDARD OF REVIEW

Generally, in determining whether to grant injunctive relief, including a TRO, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Plaintiffs bear the burden of demonstrating their entitlement to injunctive relief, and their burden is a heavy one. Injunctive relief "is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573. Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

## III.   DISCUSSION

Under the Eighth Amendment, prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Estelle v. Gamble,* 429 U.S. 97, 103-104 (1976). A deliberate indifference claim has two components, one objective and the other subjective. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Comstock v. McCrary,*

273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Id.* Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

Deliberate indifference to medical needs may be established by showing an interruption of a prescribed plan of treatment, or a delay in medical treatment. *Estelle v. Gamble, supra; Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860, n.5 (6th cir. 1976). *See also Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1999), citing *Estelle v. Gamble, supra*, 97 S.Ct. at 292 ("Deliberate indifference, however, does not include negligence in diagnosing a medical condition"). In *Whitley v. Albers,* 475 U.S. 312, 319 (1986), the Court stated:

> "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. This reading of the Clause underlies our decision in *Estelle v. Gamble, supra,* [429 U.S.] at 105-106 [97 S.Ct. at 291-92], which held that a prison physician's "negligen[ce] in diagnosing or treating a medical condition" did not suffice to make out a claim of cruel and unusual punishment. It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."

In this case, Plaintiff states in his complaint the he has received treatment for pain, and has "continuously sought and tried all the anti-depressants they prescribe for pain, that have no effect." *Complaint/Motion* [Doc. #2], Pg. ID 12. Thus, according to the complaint, prison officials have not wantonly or intentionally disregarded Plaintiff's

complaints of pain, but have attempted to remedy the problem with prescription medication. That the medications have not been effective, or that the Plaintiff seeks a different modality of treatment, does not establish an Eighth Amendment violation. While I am not unsympathetic to Plaintiff's complain of ongoing pain, he has not at this point shown a likelihood of success on his constitutional claim.

As to the question of irreparable harm, again, this is not a case where the Plaintiff has received *no* medical treatment, and while he has alleged that his treatment has been ineffective, he has in essence stated no more than a disagreement with his doctors. He has not shown, beyond speculation, that he will be irreparably harmed if the Court does not grant injunctive relief.

In terms of the harm to others and the public interest, courts ill-equipped to second-guess and countermand the judgments of medical professionals. *Westlake*, 537 F.2d at 860, n.5 ("federal courts are generally reluctant to second guess medical judgments...."); *Bruce v. Ylst*, 351 F.3d 1283, 1290 (9th Cir. 2003)("[F]ederal courts must remember that the duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, for which we are ill equipped"); *Anderson v. Prisoner Health Services*, 2011 WL 2144205, *3 (E.D. Mich. 2011)("This Court is ill-equipped to micromanage medical treatment.").

In conclusion, Plaintiff has not shown entitlement to the extraordinary remedy of injunctive relief.

## IV. CONCLUSION

I recommend that Plaintiff's motion for temporary restraining order [Dkt. #2] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: October 24, 2018                s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

     I hereby certify on October 24, 2018 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants on October 24, 2018.

                                                s/Carolyn M. Ciesla  
                                                Case Manager for the  
                                                Honorable R. Steven Whalen